Hardin, P. J.
In March, 1885, plaintiff instituted proceedings supplementary to execution upon a judgment . recovered in Schuyler county court, and obtained an order requiring defendant to appear and be examined on the 16th day of March, 1885, before John M. Roe. An examination was begun on the last named day, and the proceedings adjourned to the thirtieth day of March, but the defendant misunderstood the day and supposed it was the thirty-first day of March he was to again appear. He therefore failed to appear on the thirtieth of March, although the referee and plaintiff’s counsel appeared, as well as W. F. Bishop, Esq., counsel for defendant.
The referee on the thirtieth of March, certified and reported defendant’s default and failure to appear, and the county judge granted an order to show cause, returnable the 31st of March, 1885, at 2 p. M. That order and the *581 papers on which it was issued were served on defendant on the 30th of March, 1885. Apparently, nothing further was done in the premises until July 9, 1886.
Mere delay of plaintiff to proceed did not amount to an abandonment or waiver of the. proceedings. Stanley v. Lovett, 14 Hun, 412.
Upon the ninth of July an attachment was issued by the county judge, relating the various steps taken, requiring the defendant to show cause before him on the 16th day of July, 1886, at 10 A. M., to answer for alleged misconduct in not obeying the said order, and to show cause why an attachment should not be issued against defendant.
That order and the report of the referee was on the 9th of July, 1886, personally served upon the defendant.
It seems that in- March, 1885, the parties entered into some terms of adjustment by which defendant was to pay five dollars a month, beginning the first of July, until the judgment and ten dollars costs were paid. Defendant partly performed by paying five dollars, and then failed to further perform. In July, 1886, when before the county judge, the defendant offered to be further examined, and the attorneys consented that Frank W. Fiero, Esq., may be substituted as referee.
The county judge made the substitution, and fixed July 28, 1886, at 10 A. M., for the continuance of such examination, and provided that on or before the time above fixed for such examination the said defendant pay to said John M. Roe his referee’s fees heretofore incurred, amounting to the sum of twelve dollars, or to the plaintiff’s attorney for said John M. Roe; and that upon the payment of said fees, and the submission to such examination, the said proceedings for the alleged contempt be discharged.
Dated July 22, 1886.
Apparently upon the hearing before the county judge, the parties made some concessions and consents, and the county judge took them into consideration in making his order.
As a condition and terminating the proceedings for the contempts, he allowed defendant to appear and be examined, and to pay the former referee his fees of twelve dollars. • If such examination had been had and the fees paid, the proceedings to punish for contempt would have-ended.
The county judge made his order conditional in the exercise of his discretion. Code of Civil Procedure, section 2454 and 2455.
The order contains no adjudication of contempt in terms. It does not specify any specific act of contempt.
Indeed it would seem that the proceedings were to be *582 dismissed if the defendant performed. He was given an opportunity to arrest the proceedings. Instead of availing he has appealed from the order allowing him privileges. If he does not avail of the privileges the proceedings may be continued before the county judge.
We think the county judge did not exceed his power, did not abuse his discretion, and that the. defendant has no just ground for complaint of the order made by the county judge.
Defendant would have acted more wisely had he complied with its conditions and availed of its privileges than he has by appealing.
The order is affirmed, with ten dollars costs and disbursements.
Boardman and Follett, JJ., concur.